UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
FILE NO. 5:25-CT-03087-M-RJ

| | | |
|---|---|---|
| JAMES PATRICK URICK,<br><br>Plaintiff,<br><br>v.<br><br>CAPTAIN POWELL., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ANSWER AND DEFENSES**<br><br>**(JURY TRIAL DEMANDED)** |

NOW COME Defendants Wendell Powell, David McGill, Joshua Snipes, Shane Godfrey, and Stephen Edington (hereinafter "Defendants"), by and through Undersigned Counsel, answering Plaintiff's Complaint (DE-1):

**<u>FIRST DEFENSE—ANSWER</u>**

Except as specifically admitted herein, Defendants deny all allegations and requests for relief in Plaintiff's Complaint. Defendants deny that they deprived Plaintiff of or violated any right under the Constitution of the United States or other federal law. Otherwise, Defendants respond as follows to paragraphs of the Complaint:

**I. COMPLAINT**

Answering Section I, Complaint, there are no allegations directed to Defendants, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983. Except as admitted herein, denied.

**II. PLAINTIFF INFORMATION**

Defendant incorporates and alleges the responses hereinabove. Answering Section II, Plaintiff

Information, there are no allegations directed to Defendants, and therefore, no response is required. To the extent a response is required, it is admitted that at the time of the filing of the Complaint Plaintiff was incarcerated at Alexander Correctional Institution in North Carolina. Except as admitted herein, denied.

## III. PRISONER STATUS

Defendant incorporates and alleges the responses hereinabove. Answering Section III, Prisoner Status, there are no allegations directed to Defendants, and therefore, no response is required. To the extent a response is required, it is admitted that Plaintiff is currently a convicted and sentenced state prisoner. Except as admitted herein, denied.

## IV. DEFENDANT(S) INFORMATION

Defendant incorporates and alleges the responses hereinabove. Answering Section IV, Defendant(s) Information, it is admitted that Defendants were employed by the North Carolina Department of Adult Correction ("NCDAC"). It is further admitted that Plaintiff purports to sue Defendant in both their individual and official capacities. Except as herein admitted, denied.

## V. STATEMENT OF CLAIM

Defendant incorporates and alleges the responses hereinabove. Answering Section V, Statement of Claim, Defendants deny the allegations that are directed against them. As enumerated:

1-2. Defendants admit Plaintiff assaulted an officer and officers responded appropriately. To the extent not specifically admitted, denied.

3-5. It is admitted Defendants escorted Plaintiff to RH. To the extent not admitted, denied.

6. It is admitted, RH is where offenders are held for disciplinary purposes and is a location for decontamination showers. To the extent not specifically admitted, denied.

7-20. Deny.

21. It is admitted Plaintiff was promptly taken to medical for an assessment. To the extent not specifically admitted, denied.

22-29. It is admitted Plaintiff was provided appropriate medical care. To the extent not specifically admitted, deny.

30-40. These allegations are legal conclusions not requiring an answer. To the extent an answer is required, Defendants deny and specifically deny liability to Plaintiff under any set of facts and under any theory of law.

Defendants further deny that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal law, were violated. Except as specifically admitted herein, denied.

**VI. ADMINISTRATIVE PROCEDURES**

Defendants incorporate and allege the responses hereinabove. Answering Section VI, Administrative Procedures, there are no allegations directed to the Defendants, and therefore no response is required. To the extent a response is required, it is admitted that Plaintiff has submitted grievances pursuant to the Administrative Remedy Procedure during the duration of his incarceration. It is further admitted that said grievances speak for themselves as to their content and the dates submitted. Section VI is specifically denied to the extent that it asserts or implies that Plaintiff has exhausted administrative remedies as required by law in connection with the claims asserted in this action against Defendants. Except as herein admitted, denied.

**VII. RELIEF**

Defendants incorporate and allege the responses hereinabove. Answering Section VII, Relief, denied including to the extent that compensatory, declaratory, injunctive relief and/or punitive damages can be construed to be sought by Plaintiff herein against Defendants. It is specifically denied

that Plaintiff has asserted any facts sufficient to state a claim for compensatory, declaratory, injunctive relief and/or punitive damages against Defendants.

**VIII. PRISONER'S LITIGATION HISTORY**

Defendants incorporate and allege the responses hereinabove. Answering Section VIII, Prisoner's Litigation History, there are no allegations directed to Defendants; therefore, no response is required. To the extent a response is required, any previous lawsuits Plaintiff filed are in writing and speak for themselves. Except as herein admitted, denied.

**IX. PLAINTIFF'S DECLARATION AND WARNING**

Defendants incorporate and allege the responses hereinabove. Answering Section IX, Plaintiff's Declaration and Warning, there are no allegations directed to Defendants, and therefore, no response is required. To the extent a response is required, denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT, INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, DEFENDANTS AVER:**

**SECOND DEFENSE — SOVERIGN IMMUNITY**

The Eleventh Amendment to the United States Constitution and Sovereign Immunity shields the Defendants to the extent Plaintiff seeks to recover money damages from Defendants in their official capacity. The State of North Carolina has not consented to suit or otherwise waived such immunity; therefore, such recovery is barred.

**THIRD DEFENSE — QUALIFIED IMMUNITY**

Qualified immunity shields the Defendants in their individual capacity from Plaintiff's claims against them for monetary damages, if any, as Defendants did not violate any clearly established federal law or constitutional rights of which a reasonable person would have known.

**FOURTH DEFENSE — PUBLIC OFFICIAL IMMUNITY**

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any claim against them for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendants required to support a claim for punitive damages.

**FIFTH DEFENSE — FAILURE TO STATE A CLAIM**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fails to state a claim upon which relief can be granted, and Defendants plead this failure in bar of Plaintiff's claims against them.

**SIXTH DEFENSE — FAILURE TO EXHAUST**

To the extent it is determined that Plaintiff failed to exhaust his administrative remedies, Defendants plead such failure as a bar to Plaintiff's claims.

**SEVENTH DEFENSE — NO PUNITIVE DAMAGES**

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any such recovery. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional conduct, reckless disregard of injury, or evil motive/intent by Defendants required to support a claim for punitive damages.

**EIGHTH DEFENSE — NO PROXIMATE CAUSE**

Defendants' conduct was at all times in accordance with the applicable standards of care and no alleged act or alleged failure to act was the proximate cause of any injury to Plaintiff.

**NINTH DEFENSE – INTERVENING AND SUPERSEDING CAUSE**

To the extent it is determined that the actions or omissions of any other person(s) (including Plaintiff) was a proximate cause of injury to Plaintiff and thereby interrupted the casual relationship between any alleged (but denied) wrongful actions of Defendants with respect to the alleged injury to Plaintiff, Defendants plead such intervening and superseding actions as a complete bar against any recovery by Plaintiff from Defendants in this matter.

**TENTH DEFENSE – ASSUMPTION OF RISK**

To the extent it is determined that Plaintiff knew of a condition inconsistent with his safety and voluntarily chose to be exposed to that condition, resulting in his injury, then Defendants plead Plaintiff's assumption of risk as a complete bar.

**ELEVENTH DEFENSE – FAILURE TO MITIGATE DAMAGES**

To the extent it is determined that Plaintiff failed to mitigate his damages, Defendants plead such failure as a bar to Plaintiff's claims, or alternatively, as an offset to Plaintiff's alleged damages.

**RESERVATION OF RIGHTS**

Without waiving any other defenses or immunities asserted herein, Defendant asserts any and all other legal or equitable defenses and/or immunities that currently exist and/or may be discovered hereinafter.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants hereby pray the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from Defendants;
3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;
4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of September 2026.

**JEFF JACKSON**
**Attorney General**

/s/J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General
N.C. State Bar No. 35449
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6500
Fax: (919) 716-6761
E-mail: jmilholland@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the court utilizing the CM/ECF system, and on this date, I will serve a copy of the same upon the Plaintiff, a non CM-ECF participant, via regular United States Mail, first-class, postage prepaid and addressed as follows:

James Patrick Urick
OPUS No. 0531426
Alexander CI
633 Old Landfill Road
Taylorsville, NC 28681
*Pro Se*

This the 11th day of September 2026.

/s/J. Locke Milholland, IV
J. Locke Milholland, IV
Special Deputy Attorney General